# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RICHARD DEON MANSFIELD,<br>Petitioner, | Civil Action No. 1:08-cv-549 |
| vs. | Dlott, J.<br>Black, M.J. |
| WARDEN, WARREN CORRECTIONAL<br>INSTITUTION,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a state prisoner, brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 2) and respondent's return of writ and exhibits thereto. (Doc. 10).

## I. PROCEDURAL HISTORY

This case involves the following facts, as summarized by the First District Ohio Court of Appeals:[1]

> The record shows that, as part of his post-release control[2] for a previous conviction, Mansfield was required to successfully complete a halfway-house program as directed by the Adult Parole Authority. He was charged with escape after he left the Volunteers of America halfway-house program without permission in November 2006.
>
> After pleading guilty to the escape charge, the trial court continued the case for sentencing until February 2007. The court let Mansfield out on his own recognizance so that he could return to the halfway house. It specifically warned him that if he did not go to the halfway house and stay there, it would sentence him to five years in prison, the maximum term he could receive.
>
> Mansfield reported to the halfway house, but subsequently left. He also did

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

[2] Both petitioner and respondent agree that petitioner was on parole resulting from a 1995 conviction for robbery, and not post-release control. (Doc. 2 at 4, 6; Doc. 8 at 2, n.1). *See also State v. Mansfield*, Case No. B 9509636-B (Hamilton Cty. Common Pls. Feb. 2, 1996) (found at: http://www.courtclerk.org/case_summary.asp?sec=history&casenumber=B%209509636-B)

not appear for sentencing, so the court issued a capias for his arrest. After Mansfield
was arrested, he was returned to the trial court for sentencing. He told the court that
he went back to his job and was trying to take care of his family and some health
issues. The trial court sentenced him to the five years in prison that it had previously
stated it would impose.

(Doc. 10, Exh. 8 at 1-2).

Petitioner, through counsel, unsuccessfully appealed his sentence to the First District Ohio Court of Appeals and the Supreme Court of Ohio. (Doc. 8, Exhs. 5-11).

Petitioner also filed a *pro se* petition for a writ of habeas corpus in the Supreme Court of Ohio. (Doc. 10, Exh. 12). He argued that he was on parole for a crime committed in 1995 and parolees were exempt from prosecution for the offense of escape under Ohio Rev. Code §§ 2967.021[3] and 2967.15(C)(2).[4] He argued he was improperly charged and convicted of escape and should have been charged with a parole violation instead. (Doc. 10, Exh. 12). The Supreme Court of Ohio *sua sponte* dismissed the habeas petition. (Doc. 10, Exh. 13).

## II. FEDERAL HABEAS CORPUS

Petitioner filed the instant petition for a writ of habeas corpus setting forth the following grounds for relief:

> **GROUND ONE:** Being that I am under the old law parole with a 15 year tail, I should only have been charged with a parole violation, not a new charge of escape.
>
> **Supporting Facts**: In 1995 I was charged and convicted of robbery and sentenced to a term of 3 to 5 years in prison. After a parole sanction in 2006, I was required to complete a halfway house program. When I left the halfway house without completing the program, I was indicted in December 2006 for escape. I was found

---

[3] Ohio Rev. Code § 2967.021(A) provides that "Chapter 2967. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996. . . ."

[4] Former § 2967.15(C)(2), in effect in 1995, excluded parolees from the class of persons who could be prosecuted for escape: "A furloughee or releasee *other than a person who is released on parole* . . . is considered to be in custody . . . and . . . may be prosecuted for the offense of escape." (Emphasis added).

guilty on April 4, 2007; I was sentenced to 5 years. By me being under the old law parole, not post-release control, consequently, I absconded not escaped. I should have appeared before the parole board on a parole violation, not been indicted and convicted for escape. In which this matter is consequently a violation of my 14th Amendment rights of the United States Constitution.

**GROUND TWO:** Ineffective assistance of counsel.

**Supporting Facts**: My lawyer Raymond Katz failed to state to the courts that I was never under post-release control, but under the old law parole for my underlying crime that occurred in 1995. Even after I repeatedly explained this to him on many occasions.

(Doc. 2).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to adjudicate the constitutional issues, the AEDPA deferential standard of review set forth in section 2254(d) is inapplicable. *See Wiggins v. Smith,* 539 U.S. 510, 534 (2003); *Towns v. Smith*, 395 F.3d 251, 257 (6th Cir. 2005); *see also Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) ("Where as here, the state court did not assess the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply.")). Under these circumstances, the constitutional claim is reviewed *de novo* and the Court considers "the totality of the evidence-'both that adduced at trial, *and the evidence adduced in the habeas proceeding[s].*'" *Wiggins,* 539 U.S. at 536 (emphasis in the original) (quoting *Williams v. Taylor,* 529 U.S. 362, 397-98 (2000)). *Accord Clinkscale*, 375 F.3d at 436.

Respondent contends that petitioner's grounds for relief have been procedurally defaulted and waived, and that the grounds for relief are without merit. Because the Court agrees that the petition should be dismissed as without merit, the Court declines to reach respondent's alternate contentions.

## III. GROUND ONE OF THE PETITION IS WITHOUT MERIT.

In Ground One of the petition, petitioner asserts he should have been charged with a parole violation, and not the offense of escape, since the underlying crime on which he was paroled was committed in 1995 and his status as a "parolee" precluded a charge of escape under Ohio law. The resolution of petitioner's claim requires a discussion of Ohio law.

The offense of escape in Ohio Rev. Code § 2921.34(A)(1) is defined as follows: "No person, knowing the person is *under detention* or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement." (Emphasis added). Prior to October 4, 1996, Ohio Rev. Code § 2921.01(E) excluded from the statutory definition of "detention" persons on parole. Detention included "supervision by an employee of the department of rehabilitation and correction of a person on any type of release . . . other than release on parole." As a result, parolees could not be prosecuted for escape under Ohio law prior to October 4, 1996. *See State v. Edwards*, No. 2003CA00327, 2004 WL 1152845, at *1 (Ohio App. 5th Dist. May 24, 2004); *State v. McFolley*, No. 00CA007614, 2001 WL 773231, at *5 (Ohio App. 9th Dist. July 11, 2001).

The statute was amended on October 4, 1996 to include parolees under the definition of those under "detention." As explained by the Supreme Court of Ohio:

> {¶ 7} Effective October 4, 1996, R.C. 2921.01(E) was amended to remove the exclusion of parolees from the definition of detention. 146 Ohio Laws, Part II, 2214. Thus, as of October 4, 1996, R.C. 2921.01(E) included parolees in the class of persons who could be prosecuted for escape. R.C. 2967.15(C)(2), however, continued to exclude parolees from the class of persons who could be prosecuted for escape: "A furloughee or releasee *other than a person who is released on parole * * * is considered to be in custody * * * and * * * may be prosecuted for the offense of escape." 146 Ohio Laws, Part VI, 11013.
>
> {¶ 8} On March 17, 1998, R.C. 2967.15(C)(2) was amended to remove the

exception for parolees. 147 Ohio Laws, Part IV, 7539. This left open the question whether parolees who had failed to report to their parole officers or to their assigned halfway house during the period of statutory conflict from October 4, 1996, to March 17, 1998, could be convicted of escape.

{¶ 9} In *State v. Conyers* (1999), 87 Ohio St.3d 246, 719 N.E.2d 535, we considered that question, *i.e.*, whether a parolee could be convicted of escape pursuant to R.C. 2921.34(A)(1) for leaving a halfway house without permission between October 4, 1996, and March 17, 1998, in view of the conflict between R.C. 2921.01(E) and former R.C. 2967.15(C)(2). We held that former R.C. 2967.15(C)(2) was a special provision and, therefore, prevailed as an exception to the general provision of R.C. 2921.34(A)(1). *Id.* Accordingly, we concluded that from October 4, 1996, to March 17, 1998, parolees were excluded from this statutory definition and were not subject to prosecution for escape.

*State v. Thompson*, 102 Ohio St.3d 287, 288, 809 N.E.2d 1134, 1136 (2004).

In *Thompson*, the Supreme Court of Ohio went on to determine whether the March 17, 1998 amendment to § 2967.15(C)(2) applied to a parolee whose underlying crime was committed before July 1, 1996, but who failed to report *after* March 17, 1998. *Id.* The Supreme Court held that it did. The Court reasoned that since a failure to report after March 17, 1998 constitutes an entirely new offense, *i.e.,* escape, an individual is subject to the law of escape as it existed at the time of the failure to report, and not as of the date of the original offense for which he was paroled. Thus, the Supreme Court held "that a parolee who fails to report to his parole officer after March 17, 1998, may be prosecuted for escape under R.C. 2921.34, regardless of when his or her underlying crime was committed." *Id.* at 290, 809 N.E.2d at 1137.

In the instant case, petitioner's first ground for relief rests on the mistaken premise that the pre-1996 laws governing the offense of escape and detention applied and therefore he could not lawfully be prosecuted and convicted of escape. However, in accordance with the Supreme Court of Ohio's decision in *Thompson*, since petitioner violated his parole after March 17, 1998, the date of the amendment to § 2967.15(C)(2), his status as a parolee did not insulate him from prosecution

6

for escape. The relevant date is not that of his underlying robbery conviction in 1995, but the date of the failure to report to the half-way house, *i.e.*, November 2006. Thus, since the conduct constituting escape occurred after the March 17, 1998 amendment and is an act independent of the crime for which he was on parole, his prosecution for escape was lawful.

The undersigned cannot discern any constitutional violation as a result of petitioner's escape conviction. The courts have uniformly rejected ex post facto challenges to a parolee's conviction for escape where the conduct constituting escape occurs after the March 17, 1998 amendment and is unrelated to the conduct producing the underlying conviction for which he was paroled. *See State v. Larkins*, No. 02CA84, 2003 WL 21919350 (Ohio App. 5th Dist. Aug. 8, 2003); *State v. Bell*, No. 00 BA 25, 2001 WL 1005890 (Ohio App. 7 Dist. Aug. 31, 2001); *State v. McFolley*, No. 00CA007614, 2001 WL 773231 (Ohio App. 9th Dist. July 11, 2001); *State v. Estis*, No. L-98-1373, 1999 WL 375523 (Ohio App. 6th Dist. June 11, 1999). *See also State v. Trollinger*, No. C-980824, 1999 WL 631025 (Ohio App. 1st Dist. Aug. 20, 1999) (citing *Cox v. Hart* (1922), 260 U.S. 427, 435 (1922) (A statute "is not made retroactive merely because it draws upon antecedent facts for its operation."). The prosecution of petitioner under the amended escape statute was not a retroactive application of the law and did not violate his *ex post facto* rights. Therefore, petitioner is not entitled to habeas corpus relief based on Ground One of the petition.

## IV. PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS WITHOUT MERIT AND SHOULD BE DENIED.

Ground Two of the petition asserts counsel rendered ineffective assistance because he failed to advise the state courts of petitioner's status as a parolee, and not a post release control violator, by virtue of his 1995 conviction.

To demonstrate that counsel's performance was constitutionally ineffective, petitioner must

show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *Id*. at 697.

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id*. at 688. Under the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *Id*. at 694.

In the instant case, petitioner fails to establish any prejudice as a result of counsel's performance. In determining whether petitioner was prejudiced by his counsel's alleged ineffective assistance, the Court must review the merits of petitioner's underlying claim that his status as a parolee precluded his prosecution and conviction for escape. *Maples v. Stegall,* 427 F.3d 1020, 1025 (6th Cir. 2005). As explained above in connection with Ground One of the petition, petitioner's claim lacks merit. Therefore, petitioner cannot establish that he was prejudiced as a result of counsel's omission or that counsel was ineffective under the standard set forth in *Strickland.* Accordingly, habeas relief is not warranted on the second ground for relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) should be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the

petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: 10/7/2009                                     s/Timothy S. Black
    Kl                                                         Timothy S. Black
                                                                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

RICHARD DEON MANSFIELD,
    Petitioner,

vs.

WARDEN, WARREN CORRECTIONAL
INSTITUTION,
    Respondent.

Civil Action No. 1:08-cv-549

Dlott, J.
Black, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation **within 10 days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within 10 days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).